Adrienne A. Burch

1155 E. Twain Ave. #108-270

Las Vegas, Nevada 89169

Plaintiff Pro Se/ self represented

```
┌─────────────────────────────────────┐
│  __ FILED            ___ RECEIVED    │
│  __ ENTERED          ___ SERVED ON   │
│       COUNSEL/PARTIES OF RECORD      │
│                                      │
│          JUL 11 2014                 │
│                                      │
│      CLERK US DISTRICT COURT         │
│        DISTRICT OF NEVADA            │
│  BY: _____ DEPUTY   │
└─────────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT

## DISTRICT O

# 2:14-cv-01141-JAD-PAL

| | |
|---|---|
| Adrienne A. Burch ) | Case No. _ |
|   Plaintiff ) | **CIVIL RIGHTS COMPLAINT PURSUANT TO** |
| vs. ) | **EQUAL PAY ACT OF 1963 AND** |
| Bellagio Hotel and Casino ) | **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964** |
|   Defendant ) | **PLAINTIFF DEMANDS JURY TRIAL** |
| _____ ) | |

### Jurisdiction

1. The court has jurisdiction under 28 U.S.C. 1331. Pursuant to the Equal Pay Act of 1963, it is illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Furthermore, Title VII of the Civil Rights Act of 1964 makes it illegal to discriminate against someone on the basis of race, color, religion, national origin, or sex. This law, also, makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit.

### Venue

2. Venue is proper pursuant to 28 U.S.C. 1391 because events giving rise to this complaint happened in this district. Furthermore, at all times hereinafter mentioned, the plaintiff, Adrienne A. Burch was and still is a resident of Las Vegas, Nevada. The defendant, Bellagio Hotel and Casino has a main office in Las Vegas, Nevada and is licensed to do business in Nevada.

**Parties**

3. Plaintiff, Adrienne A. Burch, resides in Las Vegas, Nevada at 4248 S. Spencer St. #110.

4. Defendant, Bellagio Hotel and Casino is located in Las Vegas, Nevada at 3600 Las Vegas Blvd South.

**Statement of Facts**

5. I have experienced and  still experiencing race discrimination, gender discrimination, terrorizing harassment and retaliation which frequent and on going. This has created a hostile and offensive work environment. The specific violations are to include, but not limited to : job assignments beneath my classification, slander, unlawful suspensions from work shifts, constructing discharge, recruiting non-Blacks only, over scrutinizing work and performance, terrorizing surveillance in and outside of the workplace, graffiti, lack of training and breach of contract. I sought relief from the police department, Bellagio Security, Bellagio Employee Relations, Equal Employment Opportunity Commission (arbitration and investigation), Culinary Union, and Karina Rizo (previous kitchen manager Prime Steakhouse) to little avail.

I was hired by Defendant in 2004, as a Cook's Helper in the banquet kitchen. My current classification is cook in Prime Steakhouse in the Bellagio Hotel and Casino, but my position is pantry which is beneath my classification. Since on or about June 2010, when I accepted the position of part-time cook in Prime Steakhouse, I have been subjected to harassment, different terms and conditions of employment due to my race Black and my gender female by, to include but not limited to: Sean Griffin (executive chef Prime Steakhouse), Nazario Perales (assistant executive chef Prime Steakhouse), Pedro Ochoa (pantry Prime Steakhouse), Juan Bautista (pantry Prime Steakhouse) and as of late Jennifer Murphy ( sous chef Prime Steakhouse). These violations commenced immediately after I accepted the cook position and began working. The initial violations I noticed were being, immediately, placed to work in the pantry which is beneath my job classification(where I have been working for the past 4 years), increased surveillance in the workplace ( which is to include, but not limited to, the employee dining area and  various Prime Steakhouse kitchen areas), and Pedro Ochoa (pantry Prime Steakhouse) and Juan Bautista (pantry Prime Steakhouse) being permitted to over scrutinize my work and aggressively condescend to me entire shifts, every shift, for extended periods

1  of time. In 2011, within the first year and I was full-time, I told Sean Griffin (executive chef Prime

2  Steakhouse) I wanted to be trained on other stations. I was place to work within my cook classification

3  on one station without proper training and length of time. Then, I was returned to work in the pantry,

4  beneath my classification and without being scheduled to be trained on any other station within my

5  classification as other non-Black, male cooks have. I am aware that a non Black cook Justin Spanier

6  (cook Prime Steakhouse) was placed and was given 8 months of training on a station in the cook

7  classification where I was not. Upon accepting the cook position in Prime Steakhouse, I should have

8  been place to work within my classification, immediately, as all male and 2 female(as of late), non-

9  Black cooks are; however, this was not and is not the case. In August of 2011, I filed a complaint in

10  Bellagio Employee Relations about being harassed by Elizabeth Solemon (pantry Prime Steakhouse).

11  In December 2011, I filed a complaint about everything that was happening to me in Prime Kitchen

12  and outside of work in Bellagio Employee Relations to no avail.  I filed a complaint with the Equal

13  Employment Opportunity Commission in April of 2012. As I sought relief, the retaliation and

14  harassment increased with severity. I, also, began to notice increased surveillance outside of work

15  which led me to seek help from the police, Bellagio Security, and Bellagio Employee Relations

16  Department. Although, there is one other Black, male, mastercook Harold Tillman( mastercook Prime

17  Steakhouse) who has been employed at Prime Steakhouse since it opened, I am aware that Nazario

18  Perales (assistant executive chef Prime Steakhouse) and Sean Griffin(executive chef Prime

19  Steakhouse) have not hired any Black employees to work in the kitchen for the past 4 years that I have

20  been working in Prime Steakhouse. Furthermore, whenever an extra-board worker is needed, it is a

21  Latino male that is scheduled to work in Prime Steakhouse. Nazario Perales(assistant executive chef

22  Prime Steakhouse) is responsible for scheduling the kitchen staff which includes the extra-board help.

23  Currently, I am currently suspended pending investigation for being frustrated at Jennifer Murphy's

24  (sous chef Prime Kitchen) discriminatory micro-management.

25  **CLAIM I**

26  (Violation of Equal Pay Act of 1963: Unlawful to retaliate against a person because that person

27  complained about discrimination.)

28  6. Plaintiff alleges again paragraphs 1-5.

complaint                                                                                              3

7. By taking adverse actions described above in paragraph 5, Defendant caused and /or permitted retaliation of Plaintiff with job assignments beneath her classification, adequate training, and constructing discharge thereby entitling Plaintiff to recover damages pursuant to the Equal Pay Act of 1963.

### Claim II

( Violation of Title VII of the Civil Rights Act of 1964: Unlawful to discriminate based on race, color, religion, sex, and national origin.)

8. Plaintiff alleges paragraphs 1-5.

9. By taking adverse actions as described above in paragraph 5, Defendant caused and /or permitted discrimination against Plaintiff based on race and sex, thereby entitling Plaintiff to recover damages pursuant to Title VII of the Civil Rights Act of 1964.

### Claim III

( Violation of Title VII of the Civil Rights Act of 1964: Unlawful to harass a co-worker on the basis of sex and race)

10. Plaintiff alleges paragraphs 1-5.

11. By taking adverse actions as described above in paragraph 5, Defendant caused and/or permitted the harassment of the Plaintiff by her male, non-Black co-workers, thereby, entitling Plaintiff to recover damages pursuant to Title VII of the Civil Rights Act of 1964.

### Claim IV

( Violation of Title VII of the Civil Rights Act of 1964: Unlawful to engage in intentional discrimination.)

12. Plaintiff alleges paragraphs 1-5.

13. By taking adverse actions as described above in paragraph 5, Defendant engaged in intentional breach of contract by not allowing Plaintiff to work within the contractual classification, thereby, entitling Plaintiff to recover damages pursuant to Title VII of the Civil Rights Act of 1964.

### Removal/Dismissed From State Court

14. The Plaintiff, Adrienne A. Burch, initially filed this complaint in the 8th Judicial District Court of Nevada on March 4, 2014, but it was dismissed at the ' Motion for Summary Judgement' hearing on

July 9.2014 solely for being filed in the wrong court. *Exhibit S-1; Exhibit U-1; Exhibit T1-2* The plaintiff did not realize she was filing in the wrong court and was supposed to be filing her pleading in the United States District Court of the District of Nevada. The plaintiff was notified of this error by the judge on July 9, 2014.

### Request for Relief

15. Wherefore, the Plaintiff requests: compensatory damages, punitive damages, general damages, and special damages, according to proof.

16. The plaintiff, Adrienne A. Burch requests relief from the court in the form of an immediate partial judgement of job reinstatement, back-pay, and court fees because she is experiencing economic hardship. The plaintiff will not be receiving unemployment benefits until she secures employement. The plaintiff has not worked since February 16, 2014 when she was unlawfully suspended pending investigation and subsequently terminated on March 4,2014. *Exhibit ~~P11~~* P3

### Demand for Jury Trial

17. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

July 11, 2014

Adrienne A. Burch

Plaintiff/ Pro Se

black4322@yahoo.com

1155 E. Twain Ave. #108-270

Las Vegas, Nevada 89169

(702) 738-2948

# REGISTER OF ACTIONS
## CASE NO. A-14-697081-C

| | | |
|---|---|---|
| Adrienne Burch, Plaintiff(s) vs. Bellagio Hotel and Casino, Defendant(s) | §<br>§<br>§<br>§<br>§<br>§ | Case Type: **Breach of Contract**<br>Subtype: **Employment Contract**<br>Date Filed: **03/04/2014**<br>Location: **Department 2**<br>Cross-Reference Case Number: **A697081** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | Bellagio Hotel and Casino | |
| **Plaintiff** | Burch, Adrienne A. | **Pro Se** |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/04/2014 | **Case Opened** |
| 03/04/2014 | **Complaint With Jury Demand**<br>*Civil Rights Complaint Pursuant to Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964* |
| 05/19/2014 | **Motion for Summary Judgment**<br>*Motion for Summary Judgement from plaintiff Adrienne A. Burch* |
| 07/08/2014 | **Notice of Appearance**<br>*Defendant's Special Appearance to Provide Notice Disputing Service of Summons and Complaint, and Request to Strike* |
| 07/08/2014 | **Initial Appearance Fee Disclosure**<br>*Defendant's Initial Appearance Fee Disclosure* |
| 07/09/2014 | **Motion for Summary Judgment** (9:00 AM) (Judicial Officer Vega, Valorie J.)<br>*Plaintiff's Motion for Summary Judgement*<br>Result: Case Dismissed |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant Bellagio Hotel and Casino** | | | |
| | Total Financial Assessment | | | 230.00 |
| | Total Payments and Credits | | | 230.00 |
| | **Balance Due as of 07/09/2014** | | | **0.00** |
| 07/09/2014 | Transaction Assessment | | | 226.50 |
| 07/09/2014 | Wiznet | Receipt # 2014-78465-CCCLK | Bellagio Hotel and Casino | (223.00) |
| 07/09/2014 | Wiznet | Receipt # 2014-78466-CCCLK | Bellagio Hotel and Casino | (3.50) |
| 07/09/2014 | Transaction Assessment | | | 3.50 |
| 07/09/2014 | Wiznet | Receipt # 2014-78468-CCCLK | Bellagio Hotel and Casino | (3.50) |
| | | | | |
| | **Plaintiff Burch, Adrienne A.** | | | |
| | Total Financial Assessment | | | 470.00 |
| | Total Payments and Credits | | | 470.00 |
| | **Balance Due as of 07/09/2014** | | | **0.00** |
| 03/04/2014 | Transaction Assessment | | | 270.00 |
| 03/04/2014 | Wiznet | Receipt # 2014-26201-CCCLK | Burch, Adrienne A. | (270.00) |
| 05/19/2014 | Transaction Assessment | | | 200.00 |
| 05/19/2014 | Wiznet | Receipt # 2014-58010-CCCLK | Burch, Adrienne A. | (200.00) |



ELECTRONICALLY SERVED
03/06/2014 10:13:55 AM

# DISTRICT COURT
# CLARK COUNTY, NEVADA

Adrienne A. Burch
1155 E. Twain Ave. #108-270
Las Vegas, Nevada 89169
    Plaintiff
-vs-
Bellagio Hotel and Casino
3600 S. Las Vegas Blvd South
Las Vegas, Nevada 89109
    Defendant

CASE NO.

DEPT. NO.

## SUMMONS - CIVIL

**NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST
YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20
DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s)

against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this
   Summons is served on you, exclusive of the day of service, you
   must do the following:
   (a) File with the Clerk of this Court, whose address is shown below,
       a formal written response to the Complaint in accordance with
       the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name
       and address is shown below.

2. Unless you respond, your default will be entered upon application of
   the Plaintiff(s) and failure to so respond will result in a judgment of
   default against you for the relief demanded in the Complaint, which
   could result in the taking of money or property or other relief


U-1

Electronically Filed
05/19/2014 03:14:56 PM

1    Adrienne A. Burch

2    1155 E. Twain Ave. #108-270

3    Las Vegas, Nevada 89169

4    (702) 738-2948

5    Plaintiff pro se

6

**CLERK OF THE COURT**

7

## UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9    Adrienne A. Burch    )

10      Plaintiff,    )    Case No.: A-14-697081-C

11    vs.    )    Dept. No. :    II

12    Bellagio Hotel and Casino    )

13      Defendant    )    Hearing Date: _____

14    _____ )    Hearing Time: _____

15    **MOTION FOR SUMMARY JUDGEMENT**

16    1. Pursuant to NRCP 56, the plaintiff, Adrienne A. Burch, appearing pro se, submits this motion to

17    demonstrate to the court that there is no genuine issue of material fact in this case and that the plaintiff

18    is entitled to summary judgement as a matter of law.

19    This motion is based upon and supported by the following Memorandum of Points and Authorities,

20    the pleadings and papers of file, the affidavits and exhibits attached hereto, and any argument that the

21    court may allow at the time hearing.

22    DATED this 19th day of May, 2014

23        Respectfully submitted by:

24

25        /s/ Adrienne A. Burch

26        Plaintiff pro se

27

28

T-1

page 1

### I. Immediate Partial Summary Judgement

2. The plaintiff, Adrienne A. Burch, is requesting relief from the court in the form of an immediate partial summary judgement of job reinstatement, back-pay, and court fees because she is experiencing extreme economic hardship. The plaintiff's unemployment insurance is in a pending status and the plaintiff has not secured subsequent employment. This request is pursuant to Rule 55(a) and Rule 55 (b)(2) of the Federal Rules of Civil Procedure, which states, 'when a party against whom judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure shown by affidavit or otherwise, the clerk must enter the party's default and the party must apply to court for default judgement'.

### NOTICE OF MOTION

3. **YOU AND EACH OF YOU, WILL PLEASE TAKE NOTICE** that the undersigned will bring the foregoing **MOTION FOR SUMMARY JUDGEMENT** on for hearing before the above-entitled Court on the 09 day of JULY , 20 14 9:00A.m. of said date, in Department _____.

DATED this _____ day of _____, 20____

Respectfully submitted by:

/s/   Adrienne A. Burch

Plaintiff Pro Se

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENTS OF FACTS

4. I have experienced and still experiencing race discrimination, gender discrimination, terrorizing harassment and retaliation which is frequent and on going. This has created a hostile and offensive work environment. The specific violations are to include, but not limited to: job assignments beneath my classification, slander, unlawful suspensions from work shifts, constructing discharge, recruiting non-Blacks only, over scrutinizing work  performance, terrorizing surveillance in and outside of the workplace, graffiti, lack of training and breach of contract. I sought relief from the police department, Bellagio Hotel and Casino Security, Bellagio Hotel and Casino Employee Relations Department, the



**Employment Security Division**
Adjudication Center
500 East Third Street
Carson City, NV 89713-0035
Tel (775) 684-0302  Fax (775) 684-0338
Tel (702) 486-7999  Fax (702) 486-7987



**DETR**
Nevada Department of Employment,
Training and Rehabilitation

ONE NEVADA - Growing A Skilled, Diverse Workforce


905958
http://www.nvdetr.org

## Original

ADRIENNE BURCH
1155 E TWAIN AVE # 108-270
LAS VEGAS, NV 89169-4208

*Exhibit P*

RE: BELLAGIO A NEVADA LLC
Claimant ID: 3966520
Issue ID: 2729511
Week End Date: 04/12/2014
Date Mailed: 04/25/2014
Last Day to Appeal: 05/06/2014
Decision Date: 04/24/2014

**\* See back of form for Appeal Rights
and other important information.**

**\*Vea el reverso de la hoja para
los derechos de apelación y otra
información importante.**

## DECISION

You are not entitled to benefits effective 04/06/2014 until you return to work in covered employment and earn at least $407.00 in each of 10 weeks. (Proof of earnings must be furnished to end this disqualification period.)

As a result of your disqualification, you may have been overpaid Unemployment Insurance benefits. If you have been overpaid, you will be issued a separate determination that will show the amount overpaid.

## REASON FOR DECISION

You were discharged for violation of a reasonable and known policy. The final incident occurred on 02/15/14 when you displayed rude/discourteous conduct towards your Chef. Your employer has provided detailed information along with witness statements of your interaction with the Chef.

As your behavior was less than your employer has a reasonable right to expect of an employee, misconduct in connection with the work has been established.

**Pertinent Section of Law:**

**NRS 612.385:** A person is ineligible for benefits if he was discharged from his last or next-to-last employment for misconduct connected with the work, and remains ineligible until he works in covered employment and earns his weekly benefit amount in each week up to 16 weeks.



Report suspected UI Fraud online at https://uifraud.nvdetr.org or
call (775) 684-0475

LET7712_115.0.0