UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Adrienne A. Burch,<br><br>          Plaintiff,<br><br>v.<br><br>Bellagio Hotel & Casino,<br><br>          Defendant. | Case No. 2:14-cv-1141-JAD-PAL<br><br>**Order Denying Motions<br>#11, 12 & 13** |

Pro se plaintiff Adrienne Burch filed this action against her employer the Bellagio Hotel & Casino on July 11, 2014. Doc. 1. Bellagio responded with a motion to dismiss on August 8, 2014. Doc. 8. Burch now moves the court to enter a default against Bellagio because it has not filed an answer to her complaint. Doc. 11. In conjunction with that default request under Rule 55(a), she asks the court to "grant immediate partial judgement of employment reinstatement at the Bellagio . . . with back-pay and overturn her unemployment insurance decision as a matter of federal law." Doc. 12. She also asks for a "special hearing on these requests." Doc. 13. The court liberally construes these motions[1] as requests for a clerk's entry of default, a default judgment, and a hearing on the request for a default judgment.[2]

---

[1] The court finds these motions appropriate for resolution without oral argument pursuant to LR 78-2.

[2] The court liberally construes all pro-se motions and pleadings. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

All three of plaintiff's motions are premised on a fundamental misunderstanding of Rule 55(a) and Bellagio's options at this nascent stage of this case. Rule 55(a) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In federal court, filing a motion to dismiss qualifies as otherwise defending against the complaint. *See Pangelinan v. Wiseman*, 370 Fed. App'x 818, 820 (9th Cir. 2010). And Rule 12 of the Federal Rules of Civil Procedure then tolls the deadline for the moving defendant's answer to the complaint. *See* Fed. R. Civ. P. 12(a)(4) (altering the periods for filing an answer when a motion to dismiss has been filed).

It is unclear exactly when Bellagio was served with Burch's summons and complaint, but Bellagio's motion to dismiss was entered on the docket before Burch moved for a default. Bellagio's appearance by filing a motion to dismiss prevents the entry of default against this defendant and renders Burch's requests for a default judgment and a default-judgment hearing moot.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Clerks Default **[#11] is DENIED**; and

Plaintiff's Motion for Default Judgment **[#12]** and Request for a Default Judgment Hearing **[#13]** are **DENIED** as moot.

Dated August 12, 2014

_____
Jennifer Dorsey
United States District Judge