# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Adrienne A. Burch,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Bellagio Hotel and Casino,<br><br>　　　　Defendant. | Case No.: 2:14-cv-1141-JAD-PAL<br><br>**Order Granting Defendant's Motion to Dismiss [Doc. 8] with Leave to Amend; and Denying Motion to Strike [Doc. 17]** |

　　Plaintiff Adrienne Burch alleges that her employer, the Bellagio Hotel and Casino, has discriminated against her in violation of the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964.  Doc. 1 at 3-4.[1]  Bellagio moves to dismiss Burch's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that she failed to timely bring her federal lawsuit after receiving a Notice of Right to Sue letter.  Doc. 8.  Alternatively, Bellagio contends that Burch's allegations are inadequately pled under Rule 12(e) and that she should be required to provide a more definite statement of her Equal Pay Act claim.  I find that Burch has in fact failed to state a claim for which relief can be granted under either the Equal Pay Act or Title VII, and all of her claims must be dismissed.  However, I permit Burch leave to amend her complaint to more specifically allege her Equal Pay Act claim, as well as any properly exhausted Title VII claim other than one based on her now-expired April 2013 EEOC Charge, within the next 20 days.

## Background[2]

　　Burch alleges that during her now-terminated employment at the Bellagio, she was subjected to a pattern of race- and gender-based harassment, which included being required

---

[1] Burch appears to have first sued Bellagio in Nevada state court on March Doc. 1 at 7.

[2] This background section is derived from Plaintiff's Complaint for general illustrative purposes and is not intended as any finding of fact.

1

to perform job duties beneath her job classification, suspensions from work shifts, over-scrutinization of her work performance, and being subjected to surveillance while on the job. Doc. 1 at 1-2. She allegedly complained about her treatment to Bellagio management in August 2011 and filed a complaint again in December 2011. *Id.* at 3. In April 2012, she filed a complaint with the Equal Employment Opportunity Commission. *Id.* She alleges that Bellagio unlawfully retaliated against her after she complained of Equal Pay Act violations (Count 1), as well as three "Title VII" claims: first for race and sex discrimination (Count 2), for "harassment" (Count 3), and "intentional breach of contract" (Count 4). *Id.* at 3-4.

Bellagio moves to dismiss Burch's Title VII claims as untimely, and her Equal Pay Act claim because it is "unintelligible and does not set forth sufficient facts to demonstrate a plausible claim for relief." Doc. 8 at 2. Burch opposes the motion and countermoves to strike Bellagio's motion as untimely. Docs. 16, 17. I grant Bellagio's motion to dismiss, permit Burch an opportunity to amend her complaint if she can cure the deficiencies of her pleading, and deny her motion to strike.

## Discussion

Federal Rule of Civil Procedure 8(a) governs the standard for pleadings in a federal cause of action and provides, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[3] A district court may dismiss a complaint brought under Rule 8(a) for failing to state a claim upon which relief can be granted.[4]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[5] "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

---

[3] Fed. R. Civ. Proc. 8(a).

[4] *Id.* at 12(b)(6).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."[6] The Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[7]  To state a "plausible" claim for relief, the plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[8]  This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged.[9]

**A.   Title VII Claims - Administrative Exhaustion**

Burch received a Notice of Right to Sue from the EEOC on September 13, 2013, which required Burch to file her complaint no later than mid-December 2013. Doc. 8 at 4.[10] Bellagio argues that because Burch waited over six months—until July 11, 2014—before bringing suit, her complaint must be dismissed. Doc. 8 at 5.[11]  Burch does not contest that she received this Notice or indicate that her Title VII claims were subject to a different EEOC administrative proceeding than the one Bellagio referenced; instead, she attempts to explain the tardiness of her filing by citing the Lily Ledbetter Fair Pay Act of 2009, under

---

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[7] *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

[8] *Iqbal*, 556 U.S. at 678-79.

[9] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

[10] Bellagio submits an EEOC Notice or Right to Sue letter issued to Burch on September 13, 2013. Doc. 8 at 10. This document was not attached to Burch's complaint, nor was it sufficiently referenced therein. Ordinarily, consideration of matters outside the pleadings requires a court to convert a Rule 12(b)(6) motion to one for summary judgment. Fed. R. Civ. Proc. 12(d). However, the court may consider the merits of this document under the doctrine of judicial notice, which provides that "[t]he Court may take judicially notice a fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* The court may take judicial notice sue sponte at any stage of the proceedings. *Id.* at 201(d). In accordance with common practice, I now take judicial notice of Burch's Notice of Right to Sue letter under Fed. R. Evid. 201. *See, e.g.*, *Adetuyi v. City and County of San Francisco*, --- F. Supp. 2d ----, 2014 WL 3885874, at *4 (N.D. Cal. Aug. 7, 2014).

[11] Burch alleges that she filed this complaint in Nevada state court on March 4, 2014, "but it was dismissed at the 'Motion for Summary Judgment' hearing on July 9[,] 2014 solely for being filed in the wrong court." *Id.* at 4-5. She eventually filed in this court on July 11, 2014. Even assuming I could credit her prior state court filing when determining the timeliness of her action, the result would be the same.

3

which a claim for gender-based pay discrimination expires 180 days after receipt of the last discriminatory paycheck. Doc. 16 at 2.

Title VII prohibits employers from discrimination against individuals based, *inter alia*, their sex and race[12] and further prohibits employers from retaliating against an individual who seeks to enforce her rights under these statutes.[13] Exhaustion of administrative remedies in a Title VII case is a condition precedent to filing suit in federal court.[14] Under Title VII, to exhaust administrative remedies, a plaintiff must typically file a Charge of Discrimination within 180 days of the claimed conduct, receive a Notice of Right to Sue letter from the EEOC, and file suit within 90 days of receipt of that notice.[15] In general, the Ninth Circuit strictly construes the 90-day filing period; late-filed claims are typically barred.[16] Of course, these administrative exhaustion requirements are subject to equitable defenses such as waiver, estoppel, and tolling.[17] To determine whether equitable remedies apply, courts look to the relative fault of the parties.[18]

As Bellagio points out, Burch does not deny that her claims are untimely and subject to dismissal. Burch instead contends that Bellagio's motion to dismiss should be denied—and stricken—because it's late. Docs. 16, 17.[19] Burch delivered the Summons to Bellagio by certified mail on July 15, 2014. Doc. 6 at 3. Under Rules 12(a)(1)(A)(i) and

---

[12] 42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 633.

[13] *See* 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d); *see University of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2523 (2013) (citations omitted).

[14] *Sanchez v. Pacific Powder Co.*, 147 F.3d 1097, 1100 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

[15] 42 U.S.C. § 2000e-5(e). As with the ADEA, the time period is extended to 300 days in "deferral" states, where an aggrieved employee has brought discrimination claims before a corresponding state agency authorized to grant such relief. *Id.* at § 2000e-5(e)(1).

[16] *See, e.g.*, *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992).

[17] *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

[18] *Surrell v. California Water Service Co.*, 518 F.3d 1097, 1104-05 (9th Cir. 2008).

[19] The court previously denied Burch's apparent request for a default judgment. *See* Doc. 15.

4

12(b), Bellagio had 21 days to file its motion to dismiss.[20] But under Rule 6(d), that 21-day period was extended by 3 days because service was made by mail. ("When a party may or must act within a specified time after service and service is made under Rule . . . 5(b)(2)(C) . . . , 3 days are added after the period would otherwise expire under Rule 6(a)"). Thus, Bellagio had until August 8, 2014, to move to dismiss Burch's claims. It filed its motion to dismiss that very day: Bellagio's motion was thus timely; Burch's "default" argument is unavailing.

Similarly, Burch's argument that the Lily Ledbetter Act saves her claims overlooks the intended scope of that legislation, which is limited to discriminatory-compensation claims:

> Time for filing charges . . . . For purposes of this section, an unlawful employment practice occurs, *with respect to discrimination in compensation in violation of this subchapter*, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.[21]

The Lily Ledbetter Act is thus a limitation-tolling provision for discriminatory-compensation decisions, not for Title VII causes of action generally,[22] and courts interpreting the Act have determined that it does not create a new federal cause of action.[23]

Burch has made no attempt to offer a later-filed EEOC grievance that renders her complaint timely, and she has not shown that she filed these claims within 90 days of her September 13, 2013, EEOC Notice of Right to Sue letter. Accordingly, Burch's Title VII claims are barred as untimely and must be dismissed.

**B.    Equal Pay Act Claim**

---

[20] *Id.*

[21] 42 U.S.C. § 20003-5(e)(3)(A) (emphasis added).

[22] *See Logan v. Town of Gilbert*, 2009 WL 2259719, at *2-3 (D. Ariz. July 29, 2009).

[23] *Fuller v. Maricopa County Community College Dist.*, 2012 WL 1413167, at *4 (D. Ariz. Apr. 24, 2012).

5

Bellagio also seeks dismissal of Burch's Equal Pay Act claim, arguing that as written it is a "rambling stream of consciousness narratives" that is unitelligible and does not adequately allege that Burch engaged in a protected activity regarding pay disparities. Doc. 8 at 5.[24] The Equal Pay Act makes it unlawful for employers to pay one gender less than the other gender "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."[25] Under 29 U.S.C. § 215(a)(3), it is unlawful for an employee to discriminate against an employee who has "filed any complaint" regarding wage discrimination.[26] Although an Equal Pay Act claim is not, like Title VII, part of a comprehensive administrative scheme and subject to administrative exhaustion,[27] to prevail on a retaliation claim for wage discrimination, Burch must show (1) that she engaged in a protected activity, (2) that she suffered an adverse employment action, and (3) causation between (1) and (2).[28] The Ninth Circuit cautions that "not all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of 215(a)(3)."[29]

Upon close inspection of plaintiff's complaint, I find no specific allegation that the Bellagio ever paid her a wage different than it paid a similarly situated male employee. The closest Burch gets to this allegation are her repeated references to being classified as a "cook" while working a position as "pantry," a lower job classification. But Burch never links this classification to any disparity in pay, much less a disparity between the pay of male and female employees classified as "cooks." Burch's allegation that she complained about pay disparities is not merely "amorphous," it is completely absent. As Burch's complaint

---

[24] In the alternative, Bellagio makes a Rule 12(e) request that Burch be required to provide a more definite statement of her EPA claim. *Id.* at 6. Having dismissed Burch's Equal Pay Act claim, I need not reach Bellagio's Rule 12(e) argument.

[25] 29 U.S.C. § 206(d)(1).

[26] *Id.*

[27] *Bartelt v. Berlitz School of Languages of America, Inc.*, 698 F.2d 1003, 1006-07 (9th Cir. 1983).

[28] *Davis v. Team Electric Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008).

[29] *Lambert v. Ackerley*, 180 F.3d 997, 1007 (9th Cir. 1999).

6

contains no facts to support a claim for retaliation under the Equal Pay Act, Bellagio's motion to dismiss this claim is also granted.

**B.    Leave to Amend**

Although Burch has not explicitly requested leave to amend her complaint, she does include a number of "claims" in her response to the motion to dismiss in an apparent attempt to amend. "[A] district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations."[30] The court abuses its discretion when it dismisses a complaint without first giving a plaintiff leave to amend or determining that the allegations, if adequately pled, could survive a motion to dismiss.[31] Out of an abundance of caution and in the interest of fairness, I grant Burch 20 days to file an amended complaint if she can cure the deficiencies identified in this order. Plaintiff may only amend to (1) supplement her Equal Pay Act retaliation claim with facts—only if true—demonstrating a gender-based pay disparity; and (2) allege properly-exhausted Title VII claims based on a Right to Sue letter other than the September 13, 2013, one, assuming one was issued.

Additionally, **Burch is advised of the following:**

a.    Although the court is in no way identifying all of the rules and procedures that plaintiff must follow, it will highlight a few of the rules that specifically apply to the form of complaints. For example (and again, this list is in no way exhaustive, and plaintiff has the obligation to research, become familiar with, and comply with **all** of the rules of this court):

b.    Burch's amended complaint must also comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain:

> (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3)    a demand for the relief sought, which may include relief in the

---

[30] *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1079 (9th Cir. 2012).

[31] *See Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1217-18 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

7

1      alternative or different types of relief.[32]

2      c.     To survive dismissal, a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests."[33]  While this standard requires inclusion of the factual and legal basis for each claim, stream-of-consciousness-style pleadings like the one filed in this case fail to provide the defendant with fair notice of the claims asserted against it.  Thus, Burch's amended complaint must specifically allege what law, statute, or constitutional provision she claims was violated by the conduct he alleges, such that Bellagio will be on notice of the factual **and legal basis** for the claims she seeks to assert against it.  Each claim should be broken out into a separate cause of action that contains all of the essential elements of the claim asserted and states the specific relief requested for that claim.

       d.     Plaintiff is also cautioned that an amended complaint must be "complete in itself without reference to the" previous version of the complaint.  *See* Local Rule 15-1(a).  Therefore, plaintiff must carry forward into the new draft any information that she wants to continue to plead; the court cannot and will not simply refer back to a prior pleading for other information because an amended complaint supersedes all prior versions as if the prior versions never existed, and all allegations and claims not carried forward are deemed waived.[34]  However, Burch is also cautioned that **no Title VII claims founded on her September 13, 2013, EEOC Notice of Right to Sue Letter will be considered, as they are futile because Burch did not initiate legal action within the 90-day filing period.**

       e.     Given this specific guidance on pleading requirements, the Court is not inclined to grant plaintiff leave to file a second amended complaint if the first amended complaint were found to be deficient.  If plaintiff fails to prosecute this action, or if she fails to comply with the rules or any court order, the court may dismiss the action with prejudice under Rule

---

[32] Fed. R. Civ. Proc. 8(a).

[33] *Twombly*, 550 U.S. at 555 (citation omitted).

[34] *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011).

41(b) of the Federal Rules of Civil Procedure.[35]

f.  Plaintiff's failure to file a properly pled amended complaint (entitled "First Amended Complaint") that complies with the rules of this court within 20 days of this order will lead to the termination of this case without further notice because all of Burch's claims have been dismissed under Rule 12(b)(6).

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Bellagio's Motion to Dismiss [Doc. 8] is **GRANTED**;

It is **FURTHER ORDERED** that Burch has 20 days to file an amended complaint that states a claim for relief over which this court has jurisdiction.  If plaintiff does not file an amended complaint by this deadline or her amended complaint fails to state a cognizable claim over which this court has jurisdiction, this action may be dismissed with prejudice;

It is FURTHER ORDERED that Burch's Motion to Strike Bellagio's Motion to Dismiss **[Doc. 17] is DENIED**.

DATED: September 9, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[35] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).