UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Adrienne A. Burch,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Bellagio Hotel and Casino,<br><br>　　　　　Defendant. | Case No.: 2:14-cv-1141-JAD-PAL<br><br>**Order Striking Amended Complaints [Docs. 29 & 31]** |

　　　　Plaintiff Adrienne Burch alleges that her employer, the Bellagio Hotel and Casino, has discriminated against her in violation of the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964. Doc. 1 at 3-4. On September 9, I granted Bellagio's Rule 12(b)(6) motion to dismiss and gave Burch leave to file a single amended complaint to more specifically allege her Equal Pay Act claim and any properly exhausted Title VII claim other than one based on her now-expired April 2013 EEOC charge. Doc. 25. Burch filed an amended complaint on September 12, 2014. Doc. 29. Then she filed two more. Docs. 31, 32. With each, she filed what purport in their titles to be requests to strike the previously filed amended complaints. *See* Docs. 30, 31, 32, 33. The Bellagio does not oppose Burch's requests to strike her amended complaints. Docs. 34, 35. I now grant[1] Burch's requests and strike all but her latest amended complaint filed September 22, 2014. Doc. 32.

　　　　My order granting limited leave to amend permitted Burch to file a single amended complaint. Once that amended complaint was filed—as Burch accomplished on September 12, 2014—additional consent or permission should have been requested and granted before filing any more versions of the amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave."). Burch did not have Bellagio's consent or this court's additional permission to file

---

[1] Nothing in this order is intended, nor shall it be construed, as any indication of the sufficiency of the amended complaint.

1

her numerous amended complaints after the September 12th version at document #29.  She has now moved the court to strike both that September 12th version and the one she filed three days later, in favor of allowing the September 22nd version to stand as her operative amended complaint.  The procedure that Burch employs is flawed because the proper method for accomplishing her goal is to move again to amend the September 12th pleading.  However, because Bellagio does not oppose the requests, in the interest of expediting this process, I grant them.  Docs. 31, 33.  Both the September 12th amended complaint (#29) and the September 15th amended complaint (#31) will be stricken.  The September 22nd version will be the operative amended complaint.  Doc. 32.

**I also caution Burch that she must not file another amended complaint without first obtaining written consent of Bellagio or seeking leave of court in the method prescribed by Local Rule 15-1 and having that request granted.  If Burch files another amended complaint without consent or leave, the court will strike it without prior notice.  To avoid docket confusion, Burch is further instructed that she should separate out her various requests and motions into distinct, independent documents in future filings (for example: an amended complaint would be in one document; a motion to strike in another, and each shall be separately filed with its own docket number).**

## Conclusion

Accordingly, it is HEREBY ORDERED that Adrienne Burch's Motions to Strike **[##30, 33] are GRANTED**;

The Clerk of Court is instructed to **STRIKE the amended complaints found at documents 29 and 31**.

IT IS FURTHER ORDERED that Burch shall not file any additional amended complaints without first obtaining written consent or leave of court as required by Rule 15.

. . .

1      IT IS FURTHER ORDERED that defendants have until October 16, 2014, to answer
2 or otherwise respond to the September 22, 2014, Amended Complaint (#32).
3      DATED: October 3, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE