**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Adrienne A. Burch,<br><br>    Plaintiff,<br><br>        v.<br><br>Bellagio Hotel and Casino,<br><br>    Defendant. | Case No.: 2:14-cv-1141-JAD-PAL<br><br>**Order Granting Defendant's Motion to Dismiss [Doc. 37]** |

Plaintiff Adrienne Burch's employment-related claims against her former employer, the Bellagio Hotel and Casino, were previously dismissed with leave to amend. Docs. 1, 25. After receiving specific guidance from the court regarding the substantive deficiencies of her claims and requirements for properly pleading a claim in federal court, Burch filed an amended complaint, which Bellagio now seeks to dismiss under Rule 12(b)(6). Doc. 37. After careful review of the amended complaint, I find that all of Burch's newly pled counts fail to state a claim for which relief can be granted, and thus I grant Bellagio's motion, and I dismiss Burch's lawsuit with prejudice.

## Background[1]

Burch originally sued Bellagio for alleged violations of Title VII of the Civil Rights Act of 1964, and the Equal Pay Act of 1963. Doc. 1. Bellagio moved to dismiss Burch's Title VII claims on the basis that Burch failed to exhaust her administrative remedies, and that her Equal Pay Act claims should be dismissed because they failed to state a claim. Doc. 8. I granted Bellagio's motion in both respects, finding Burch had failed to timely bring her Title VII claims after receiving a Notice of Right to Sue letter from the EEOC. Doc. 25 at 3-5. As to her Equal Pay Act claims, I noted that there was "no specific allegation that the Bellagio ever paid her a wage different than it paid a similarly situated male employee."

---

[1] These statements are for illustrative purposes only, and are not intended to be any statement of fact. I incorporate by reference my prior background and discussion sections for Doc. 25.

1

Doc. 25 at 6. I also noted that "Burch's allegation that she complained about pay disparities . . . is completely absent." *Id.* I then granted Burch leave to amend to allege a claim for relief over which this court has jurisdiction, providing her specific guidance on the proper form of the complaint, and cautioning her that I was "not inclined to grant [her] leave to file a second amended complaint if the first amended complaint were found to be deficient." *Id.* at 6-9.[2]

Burch filed an amended complaint; it largely re-hashes the allegations from her prior pleading—alleging that she performed work below her actual job classification, was subject to discriminatory treatment followed by a period of harassment, suspension, and discharge after she brought her work-related grievances to Bellagio's management in August 2011. Doc. 32 at 3-4.[3] She includes five Equal Pay Act claims for relief: retaliation (Counts I and V), race discrimination (Count II), sex discrimination (Count III), and hostile work environment (Count IV). *Id.* at 4-7. Bellagio moves to dismiss all five counts under Rule 12(b)(6), arguing that despite being provided an opportunity to amend her complaint, Burch still fails to state an Equal Pay Act claim. Doc. 37.[4]

**Discussion**

Federal Rule of Civil Procedure 8(a) governs the standard for pleadings in a federal cause of action and provides, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[5] A district court may dismiss a complaint brought under Rule 8(a) for failing

---

[2] I also cautioned Burch that "no Title VII claims founded on her September 13, 2013, EEOC Notice of Right to Sue Letter will be considered, as they are futile." Doc. 25 at 8.

[3] Burch filed two other amended complaints, Docs. 29, 31, but I granted her motion to strike these documents. Doc. 36.

[4] I find this matter suitable for adjudication without oral argument. Nev. L.R. 78-2.

[5] Fed. R. Civ. Proc. 8(a).

2

to state a claim upon which relief can be granted.[6]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[7] "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."[8] The Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[9] To state a "plausible" claim for relief, the plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[10] This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged.[11]

Burch's amended complaint fails to adequately cure the defects outlined in my prior order. Count II alleges that Bellagio discriminated against Burch on the basis of race, and Count IV alleges that Bellagio subjected her to unlawful harassment. Doc. 32 at 5-6. In these counts, Burch effectively re-packages her untimely Title VII claims as Equal Pay Act claims. But as I outlined in my prior order, the Equal Pay Act is not designed to remedy workplace harassment or racial discrimination violations; instead, it is limited to preventing an employer from paying one gender less than the other "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." Doc. 25 at 6.[12] Burch's response to Bellagio's

---

[6] *Id.* at 12(b)(6).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

[10] *Iqbal*, 556 U.S. at 678-79.

[11] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

[12] 29 U.S.C. § 206(d).

3

motion to dismiss notes the broad remedial purposes of the employment discrimination laws but fails to directly address the restrictions in the plain language of the Equal Pay Act. *See* Doc. 39. Because counts II and IV fail to state a claim for which relief can be granted, they are dismissed.

Burch's Count III alleges an Equal Pay Act "violation" for sex discrimination. Doc. 32 at 5-6. However, her amended complaint does not, despite my prior guidance, indicate that Burch and any other Bellagio employee were actually paid a different wage for the same work. Instead, Burch alleges that "[P]laintiff and one or more members of the opposite sex and non-Black received the same pay, but the plaintiff did not share the same job responsibilities." Doc. 32 at 9. Burch appears to argue that she was given a different job classification than the one she was initially hired to perform, so certain male opportunities to work additional overtime and had better opportunities for promotion within the company. Docs. 32 at 5-6; 39 at 3. But her allegation about "advancement" is simply not an allegation about equal pay that the Act is designed to redress; as pointed out in my prior order, this alleged disparity in job classification alone says nothing of whether Burch was actually paid an equal wage for the work she actually performed. *See* Doc. 25 at 6. Trial courts routinely grant dismissal of pay-related allegations premised on work-related factors other than the amount of compensation paid.[13] As Burch has failed, despite my prior instructions, to state a claim on these allegations for which relief can be granted, her Count III must also be dismissed.

Finally, Burch's Counts I and V allege that Bellagio unlawfully retaliated against her. Doc. 32 at 4-7. 29 U.S.C. § 215(a)(3) makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding [for violation of the Equal Pay Act]." The Ninth Circuit has held that "not all amorphous expressions of discontent related to wages

---

[13] *See, e.g.*, *Richard v. Carson Tahoe Regional Healthcare*, 2014 WL 775529, at *3 (D. Nev. Feb. 25, 2014) (dismissing FLSA allegation premised on, *inter alia*, staffing issues that made it difficult for employees to take work breaks, but which did not challenge that work breaks were compensated).

4

and hours constitute complaints filed within the meaning of § 215(a)(3)."[14] But "so long as an employee communicates the substance of [her] allegations to the employer," the anti-retaliation provision applies.[15]

As pled, Count I fails to allege that Burch actually complained of an Equal Pay Act violation, pointing instead to "the adverse actions" outlined in paragraphs 6-7 without further specificity. *Id.* at 4-5. But paragraphs 6-7, too, contain no allegation that Burch ever complained of an Equal Pay Act violation; instead, she allegedly complained to Bellagio's Employee Relations in August 2011 about "everything that was happening to [her]." *Id.* at 4. In my prior order dismissing her retaliation count, I specifically cautioned Burch that the necessary allegation regarding pay disparities was "completely absent" from her complaint. Doc. 25 at 6. Burch was on notice that it was highly likely that her failure to allege adequate facts regarding her equal pay grievances would lead to dismissal. However, as noted above, Burch's amended complaint fails to allege that she and any co-worker who performed similar job functions were paid a different wage, and her claim that she and another co-worker were paid the same wage but had different job responsibilities, and her coworkers had "more of an advantage for advancement," Doc. 32 at 9, are simply not an allegation about equal pay. As pled, I find that Count I fails to state a claim for which relief can be granted, and I dismiss it.

Count V, a new Equal Pay Act retaliation claim, is a slightly different matter. While this claim also relies on the same opaque paragraphs 6-7 of the complaint, it also alleges that Bellagio retaliated against Burch "because [she] complained about the equal pay standard." Doc. 32 at 6-7. This allegation is amorphous and threadbare on its own; and Burch provides no additional insight into what "equal pay standard" she believed Bellagio was actually violating. Burch alludes only to the difference between her job classification and the job she worked, including the specific statement that she "and one or more members of the opposite sex and non-Black received the same pay, but the plaintiff did not share the same job responsibilities." Doc. 32 at 9. Although persuasive authority has permitted EPA retaliation

---

[14] *Lambert v. Ackerley*, 180 F.3d 997, 1007 (9th Cir. 1999).

[15] *Id.* at 1008.

5

claims to proceed where an employee has an reasonable, good faith belief that a wage-related violation has taken place,[16] Burch's complaints about job classifications are not complaints about wage disparities at all, and thus they do not provide a reasonable inference that she had a reasonable, good faith belief that she was reporting EPA violations when she complained to Bellagio management about "the equal pay standard." Because Burch has not properly alleged that she communicated the substance of an Equal Pay Act violation to Bellagio, Count V fails to state a claim for which relief can be granted. Thus, it is also dismissed.

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Bellagio's Motion to Dismiss **[Doc. 37] is GRANTED.** Burch's claims are dismissed with prejudice; the clerk is instructed to enter judgment accordingly and close this case.

DATED: December 8, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[16] *See Spitzmesser v. Tate Snyder Kimsey Architects, Ltd.*, 2011 WL 2552606, at *10 (D. Nev. June 27, 2011) (finding plaintiff survived motion to dismiss where he complained to defendant that "he believed that [his employer] was violating the federal Fair Labor Standards Act."); *Carrillo v. Schneider Logistics, Inc.*, 2012 WL 556309, at *3 (C.D. Cal. Jan. 31, 2012) (analogizing 215(a)(3) to the California Labor Code 1102.5(b), which prohibits retaliation against an employee "for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.").